UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cr-80099-Cannon/Reinhart

18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1957
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)

UNITED STATES OF AMERICA

vs.

DANIEL ELIE BOUAZIZ,

Defendant.
_____/



FILED BY SP D.C.

JUN 23 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Defendant **DANIEL ELIE BOUAZIZ** was a resident of, and business owner in, Palm Beach County, in the Southern District of Florida.

2. **DANIEL ELIE BOUAZIZ** was an art dealer, and from at least as early as December 2020 and continuing until at least June 2022 was the owner of art galleries, to include Danieli Fine Art and Galerie Danieli, located at 226A and 230 Worth Avenue, respectively, in Palm Beach, Florida.

3. **DANIEL ELIE BOUAZIZ** and his businesses, to include VIP Rentals LLC ("VIP Rentals"), doing business as Danieli Fine Art, had bank accounts with TD Bank, N.A. ("TD Bank").

1

4. TD Bank was a financial institution based in Delaware whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").

5. **DANIEL ELIE BOUAZIZ** did business with buyers and other individuals that had bank accounts with varying financial institutions.

6. Bank of America was a financial institution based in North Carolina whose deposits were insured by the FDIC.

7. SunTrust was a financial institution based in Georgia whose deposits were insured by the FDIC.

8. IBERIABANK was a financial institution based in Louisiana whose deposits were insured by the FDIC.

9. Sterling National Bank was a financial institution based in New Jersey whose deposits were insured by the FDIC.

10. The provenance of a work of art was a historical record of its creation, ownership, custody, and location. Typically, the provenance included records of transactions by which a work of art changed ownership, custody, and location. The provenance of a work of art affected claims about the authenticity of a work, that is, whether a work of art was by the hand of a particular artist. Accordingly, the provenance of a work of art also affected the value of a work of art.

11. In the art world, the term "after" can be used to describe a copy of an original artist's work. The phrase "manner of" can be used to indicate uncertainty whether a work is by the hand of the artist.

## COUNTS 1-5
## Mail Fraud
## (18 U.S.C. § 1341)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. From at least as early as in or around December 2020, the exact date being unknown to the Grand Jury, and continuing until on or about December 15, 2021, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**DANIEL ELIE BOUAZIZ,**

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, and attempting to do so, did knowingly cause to be delivered any matter and thing whatever by the United States Postal Service and by private and commercial interstate carrier, according to the direction thereon.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was a purpose of the scheme and artifice for **DANIEL ELIE BOUAZIZ** to unlawfully enrich himself by obtaining money and property from individuals by making materially false and fraudulent pretenses, representations, and promises, and by the intentional concealment and omission of material facts, concerning, among other things, the source and authenticity of certain art that **DANIEL ELIE BOUAZIZ** sold to his victims.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

4. The manner and means by which **DANIEL ELIE BOUAZIZ** sought to accomplish the purpose of the scheme and artifice to defraud included, among others, the following:

   a. **DANIEL ELIE BOUAZIZ** knowingly purchased and acquired pieces that were not original works of art from various sources, to include online auction sites, at low prices, and falsely sold the pieces as originals, at drastically increased prices, at his retail art galleries in the Southern District of Florida.

   b. **DANIEL ELIE BOUAZIZ** sold, or attempted to sell, fraudulent artwork from his galleries that he represented, to buyers, were genuine and original pieces rendered directly by prominent artists, such as Jean-Michel Basquiat, Andy Warhol, Banksy, and Roy Lichtenstein. In truth and in fact, as **DANIEL ELIE BOUAZIZ** then and there well knew, they were not genuine and original pieces but were fabricated pieces that were "after" or "in the manner of," unauthorized prints, and/or other fraudulent artwork, that were not rendered directly by the prominent artists.

   c. To make the fraudulent art appear authentic, **DANIEL ELIE BOUAZIZ** made false representations to buyers regarding the provenance and originality of the art. To support these false statements, **DANIEL ELIE BOUAZIZ**, among other things, knowingly and intentionally: (1) provided buyers with invoices and documents that included false provenance information; (2) omitted descriptors that were included with low-cost online purchases, to include "after" and "reproduction" language; (3) sold buyers artwork on which false edition numbers and artists' signatures had been added; and (4) provided buyers with certificates of authenticity that

4

included false assertions and appraisals which had a stamped signature block that read "Daniel Bouaziz, Certified International Fine Art Appraiser."

d. The fraudulent art that was purchased from **DANIEL ELIE BOUAZIZ**, by buyers, was picked up in **DANIEL ELIE BOUAZIZ**'s south Florida galleries, mailed by private and commercial interstate carrier and the United States Postal Service, and hand-delivered to the customers.

### USE OF PRIVATE AND COMMERCIAL INTERSTATE CARRIER

5. On or about the dates below, in the Southern District of Florida and elsewhere, for the purpose of executing this scheme, the defendant did knowingly cause to be delivered any matter and thing whatever by private and commercial interstate carrier, according to the directions thereon:

| Count | Approximate Shipment Date | Package Shipped By | Shipped From | Shipped To |
|---|---|---|---|---|
| 1 | January 24, 2021 | UPS | Spain | Palm Beach, Florida |
| 2 | April 27, 2021 | FedEx | Palm Beach, Florida | Beverly Hills, California |
| 3 | August 5, 2021 | FedEx | West Palm Beach, Florida | Beverly Hills, California |
| 4 | October 6, 2021 | FedEx | Palm Beach, Florida | Pennsylvania |

### USE OF UNITED STATES POSTAL SERVICE

6. On or about the dates below, in the Southern District of Florida and elsewhere, for the purpose of executing this scheme, the defendant did knowingly cause to be delivered any matter and thing whatever by the United States Postal Service, according to the directions thereon:

| Count | Approximate Shipment Date | Package Shipped By | Shipped From | Shipped To |
|---|---|---|---|---|
| 5 | September 23, 2021 | USPS | Pennsylvania | Palm Beach, Florida |

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 6-13
## Wire Fraud
## (18 U.S.C. § 1343)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. From at least as early as December 2020, the exact date being unknown to the Grand Jury, and continuing until on or about December 15, 2021, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**DANIEL ELIE BOUAZIZ,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was a purpose of the scheme and artifice for **DANIEL ELIE BOUAZIZ** to unlawfully enrich himself by obtaining money and property from individuals by making materially false and fraudulent pretenses, representations, and promises, and by the intentional concealment and omission of material facts, concerning, among other things, the source and authenticity of certain art that **DANIEL ELIE BOUAZIZ** sold to his victims.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

4. The Manner and Means section of Counts 1-5 of this Indictment is re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## USE OF WIRES

5. On or about the dates specified as to each count below, in the Southern District of Florida, and elsewhere, **DANIEL ELIE BOUAZIZ**, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| Count | Approximate Date | Description of Execution of the Scheme and Artifice |
|---|---|---|
| 6 | February 22, 2021 | Deposit of a check in the amount of $133,750.00, drawn on a Bank of America account, causing a wire transmission to TD Bank account ending in #9884, an account controlled by **DANIEL ELIE BOUAZIZ**. |
| 7 | April 6, 2021 | Transfer in the amount of $120,000.00 from an IBERIABANK account, by a wire transmission, to TD Bank account ending in #9884, an account controlled by **DANIEL ELIE BOUAZIZ**. |
| 8 | April 23, 2021 | Electronic transmission of a $99,999.99 credit card payment, using an American Express credit card, causing a wire transmission to TD Bank account ending in #9031, an account controlled by **DANIEL ELIE BOUAZIZ**. |
| 9 | April 24, 2021 | Electronic transmission of a $90,000.02 credit card payment, using an American Express credit card, causing a wire transmission to TD Bank account ending in #9031, an account controlled by **DANIEL ELIE BOUAZIZ**. |
| 10 | April 24, 2021 | Electronic transmission of a $99,999.99 credit card payment, using an American Express credit card, causing a wire transmission to TD Bank account ending in #9031, an account controlled by **DANIEL ELIE BOUAZIZ**. |
| 11 | April 26, 2021 | Electronic transmission of a $9,000.00 credit card payment, |

|    |                    |                                                                                                                                                                                                |
|----|--------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |                    | using an American Express credit card, causing a wire transmission to TD Bank account ending in #9031, an account controlled by **DANIEL ELIE BOUAZIZ**.                                       |
| 12 | September 27, 2021 | Deposit of a Bank of America cashier's check in the amount of $10,000.00, causing a wire transmission to TD Bank account ending in #9884, an account controlled by **DANIEL ELIE BOUAZIZ**.    |
| 13 | October 25, 2021   | Deposit of a check in the amount of $200,000.00, drawn on a SunTrust account, causing a wire to TD Bank account ending in #9884, an account controlled by **DANIEL ELIE BOUAZIZ**.             |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 14-17
## Money Laundering - Engaging in Transactions in Criminally Derived Property
### (18 U.S.C. § 1957)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**DANIEL ELIE BOUAZIZ**,

did knowingly engage and attempt to engage in a monetary transaction, by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, as more specifically described below.

3. It is further alleged that the specified unlawful activity is mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2 and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2.

| Count | Approximate Date  | Monetary Transaction                                                                                                                                       |
|-------|-------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 14    | February 24, 2021 | Caused a check in the approximate amount of $25,000.00 to be drawn on, and withdrawn from, Danieli Fine Art's TD Bank account ending in #9884.             |

8

| 15 | March 1, 2021 | Caused a wire transfer in the approximate amount of $22,100.00 from Danieli Fine Art's TD Bank account ending in #9884, to a Sterling National Bank account in the name of P.V.A. |
| 16 | May 7, 2021 | Caused a wire transfer in the approximate amount of $200,000.00, from Danieli Fine Art's TD Bank account ending in #9031, to Danieli Fine Art's TD Bank account ending in #9884. |
| 17 | October 26, 2021 | Caused a wire transfer in the approximate amount of $200,000.00 from Danieli Fine Art's TD Bank account ending in #9884, to **DANIEL ELIE BOUAZIZ**'s TD Bank account ending in #3205. |

In violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **DANIEL ELIE BOUAZIZ**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Sections 1341 and/or 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or derived from proceeds traceable to such offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4. The property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of money equal in value to the total amount of funds involved in or derived from the alleged offenses, which may be sought as a forfeiture money judgment.

5. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

9

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party:

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p). Such substitute property includes, but is not limited to, the following:

      a.    real property located at 228 9th Street, West Palm Beach, Florida;

      b.    real property located at 4100 Tivoli Court, Unit 108, Lake Worth, Florida;

      c.    real property located at 1141 W. 35th Street, Riviera Beach, Florida;

      d.    real property located at 2721 N. Garden Drive, Unit 101, Lake Worth, Florida;

      e.    real property located at 619 35th Street, West Palm Beach, Florida;

      f.    real property located at 6134 Elsinore Circle, Greenacres, Florida;

      g.    real property located at 5325 Ashley River Road, West Palm Beach, FL

      h.    real property located at 3305 Pinewood Avenue, West Palm Beach, FL

      i.    real property located at West 10th Street, Riviera Beach, FL (vacant lot);

      j.    real property located at 8031 North Military Trail, Palm Beach Gardens, FL (commercial);

      k.    2017 Yellow Rolls Royce, bearing vehicle identification number ("VIN #") SCA666D59HU107044;

      l.    2009 Black Rolls Royce, bearing VIN # SCA2D68519UX16337;

m. 2014 Black Rolls Royce, bearing VIN # SCA681S58EUX73047;

n. 2000 70 foot vessel, bearing hull identification number HATGE312J900 and Florida registration number FL8617RY.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and the procedures set forth at Title 21, United States Code, Section 853 as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

*Matt Osborne*
for JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

*Sarah J. Schall*
SARAH J. SCHALL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.: 22-cr-80099-Cannon/Reinhart |
| v. | |
| DANIEL ELIE BOUAZIZ, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| _____/ | **Superseding Case Information:** |

**Court Division** (select one)
- ☐ Miami      ☐ Key West     ☐ FTP
- ☐ FTL        ☒ WPB

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take 14 days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)
   I    ☐ 0 to 5 days                  ☐ Petty
   II   ☐ 6 to 10 days                 ☐ Minor
   III  ☒ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 22-mj-8209-RMM

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of N/A
10. Defendant(s) in state custody as of N/A
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: *Sarah J. Schall*
SARAH J. SCHALL
ASSISTANT UNITED STATES ATTORNEY
Court No. A5501805

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:   DANIEL ELIE BOUAZIZ

Case No:  22-cr-80099-Cannon/Reinhart

Counts: 1-5

18 U.S.C. § 1341
Mail Fraud

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:**   3 years
* **Max. Fine:**  $250,000 or twice the gross gain or loss, whichever greater, and a mandatory $100 special assessment

Counts: 6-13

18 U.S.C. § 1343
Wire Fraud

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:**   3 years
* **Max. Fine:**  $250,000 or twice the gross gain or loss, whichever greater, and a mandatory $100 special assessment

Counts: 14-17

18 U.S.C. § 1957
Money Laundering - Engaging in Transactions in Criminally Derived Property

* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:**   3 years
* **Max. Fine:**  $250,000 or twice the value of the criminally derived property in the transaction, and a mandatory $100 special assessment

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.