UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80099-CR-CANNON

UNITED STATES OF AMERICA,

vs.

DANIEL ELIE BOUAZIZ,

    Defendant.
_____/

**ORDER GRANTING MOTION FOR PRELIMINARY ORDER OF FORFEITURE AND ENTERING PRELMINARY ORDER OF FORFEITURE**

**THIS MATTER** is before the Court upon the Government's Unopposed Motion for the entry of a Preliminary Order of Forfeiture against Defendant Daniel Elie Bouaziz ("Defendant") [ECF No. 76]. Upon consideration of the Motion, and being otherwise advised in the premises, the Court finds as follows:

On June 23, 2022, a federal grand jury returned an Indictment charging Defendant with Mail Fraud (in violation of 18 U.S.C. § 1341), Wire Fraud (in violation of 18 U.S.C. § 1343), and Money Laundering (in violation of 18 U.S.C. § 1957) [ECF No. 9]. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1957, the Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1) [ECF No. 9 p. 9].

On February 21, 2023, the Court accepted Defendant's guilty plea to Count 17 of the Indictment, which charged him with Money Laundering, in violation of 18 U.S.C. § 1957 [ECF Nos. 69, 72]. As part of the guilty plea, Defendant agreed to the entry of a forfeiture money judgment in the amount of $200,000.00, which represents the value of the property involved in the

Defendant's offense conviction [ECF No. 72 ¶ 11]. In support of the guilty plea, Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support Defendant's conviction [ECF No. 71]. The Factual Proffer also provided a basis for the forfeiture of property [ECF No. 71].

As set forth in the Factual Proffer, on or about October 25, 2021, Defendant sold counterfeit artwork to victim "D.N.," using means of interstate commerce to carry out the sale and transfer of proceeds [ECF No. 71 p. 2]. Defendant sold the counterfeit artwork for $200,000.00, making several misrepresentations to D.N. about counterfeit artwork that are further described in the Factual Proffer [ECF No. 71]. On or about October 25, 2021, a $200,000.00 check from D.N. (a down-payment for the art purchase) was deposited into back account ending in -9884 ("Account -9884"), which was an account at TD Bank for Defendant's business, VIP Rentals. Defendant was a signatory on the bank account. Those funds were then comingled with $50,912 that was already on deposit in the account. On or about October 26, 2021, funds were commingled when $200,000 was transferred through a wire from Account -9884 to Defendant's TD Bank Account ending in -3205[ECF No. 71].

Based on the foregoing, the evidence in the record, and for good cause shown, the Motion [ECF No. 76] is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $200,000.00 is hereby entered against Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party

CASE NO. 22-80099-CR-CANNON

    petition, pursuant to Rule 32.2(b)(3) and (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 31st day of May 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record